UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH G. WALKER,<br><br>Defendant. | Case No. 3:13-cr-00009-BLW<br><br>**ORDER** |

On September 13, 2013, Walker filed a second motion to continue the trial. Defense counsel indicated that Walker had not returned to his transitional housing after being released from state custody on related charges. Defense counsel asked for a continuance because she had not had an opportunity to review discovery with Walker because of his "continued unavailability." Dkt. 24. Defense counsel also indicated that warrants had been issued for Walker. Dkt. 24. Defense counsel therefore sought a continuance and excludable time under 18 U.S.C. § 3161(h)(7)(A). The Court denied the motion, indicating that defendant's decision not to report to residential housing or keep in contact with his probation officer and attorney is not adequate grounds for a continuance under Section 3161(h)(7)(A).

On September 25, 2013, the Court conducted an informal pretrial conference with counsel. Counsel for the government informed the Court that warrants for Walker were still outstanding, and that Walker was still absent and unavailable for trial. Under these circumstances, the Court must vacate the trial set for next week. Moreover, the Court will not reset the trial at this point given Walker's continued absence. Instead, the Court will order counsel to inform the Court if and when Walker is located, and the Court will then set a new trial date. In the meantime, based upon Walker's earlier motion indicating that he is unavailable and that warrants have been issued for his arrest, coupled with government counsel's statement during the informal conference confirming Walker's absence and the issuance of multiple warrants for his arrest, the Court will find excludable time from the present trial date until Walker is no longer unavailable. Excludable time is warranted under 18 U.S.C. § 3161(h)(3), which allows excludable time when a defendant is unavailable for trial. Accordingly,

**IT IS ORDERED:**

1. The present trial date be VACATED, and that the period of time between the present trial date and the time when Defendant Walker is no longer unavailable shall be deemed EXCLUDABLE TIME under the Speedy Trial Act, 18 U.S.C. § 3161(h)(3).

2. Counsel shall notify the Court if and when Walker is located and no longer unavailable for trial. At that point the Court will set a new trial date.

3. Unless the Court hears from counsel earlier, a status conference is

scheduled for **December 2, 2013 at 11:00 a.m. Mountain Time, 10:00 a.m. Pacific Time** in the Federal Courthouse in Coeur d'Alene, Idaho.

        DATED:  **September 26, 2013**

_____
B. LYNN WINMILL
Chief U.S. District Court Judge